UNITED STATES DISTRICT COURT
District of Maine

| | |
|---|---|
| PAMELA SWETT, Personal Representative of the Estate of Joseph Daoust,<br>           Plaintiff<br><br>v.<br><br>SOMERSET COUNTY, BARRY DELONG, JEFFREY JACQUES, BENJAMIN DUCHARME, GERARD BUSSELL, SCOTT LIBBY, and JOHN AND JANE DOES,<br>           Defendants | Docket No.  1:15-cv-00155-JDL |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS SOMERSET COUNTY AND BARRY DELONG

NOW COME Defendants Somerset County and Barry Delong, by and through undersigned counsel, and hereby respond to the allegations contained in Plaintiff's Complaint as follows:

AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

2. The individual defendants are entitled to qualified immunity.

3. Plaintiff's damages were directly and proximately caused by the acts and/or omissions of an individual and/or entity other than these defendants.

4. Plaintiff's damages were directly and proximately caused by a legally sufficient superseding/intervening cause.

5. Plaintiff has failed to mitigate her damages as required by law.

## ANSWER

### I.  Preliminary Statement

1.  The allegations contained in Paragraph 1 of Plaintiff's Complaint do not require a response.  To the extent a response is required, these Defendants deny any liability to Plaintiff as alleged in this paragraph of Plaintiff's Complaint.

### II.  Jurisdiction

2.  These Defendants admit that the Court has jurisdiction over this claim and that venue is proper.

### III.  The Parties

3. These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and therefore deny same.

4. These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and therefore deny same.

5.  These Defendants admit the allegations contained in this paragraph of Plaintiff's Complaint.

6.  These Defendants admit the allegations contained in this paragraph of Plaintiff's Complaint.

7.  These Defendants admit the allegations contained in this paragraph of Plaintiff's Complaint.

8. These Defendants admit the allegations contained in this paragraph of Plaintiff's Complaint.

9. These Defendants admit the allegations contained in this paragraph of Plaintiff's Complaint.

10. These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and therefore deny same.

11. These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in the first three sentences of this paragraph of Plaintiff's Complaint and therefore deny same. These Defendants deny the remaining allegations contained in this paragraph of Plaintiff's Complaint.

### IV. Facts

A. Joseph Daoust enters the Somerset County Jail as a pretrial detainee.

12. These Defendants admit the allegations contained in this paragraph of Plaintiff's Complaint.

13. These Defendants admit the allegations contained in this paragraph of Plaintiff's Complaint except for the date, which should be May 14, 2014.

14. These Defendants admit the allegations contained in this paragraph of Plaintiff's Complaint.

15. These Defendants admit the allegations contained in this paragraph of Plaintiff's Complaint except for the date, which should be May 14, 2014.

16. These Defendants admit the allegations contained in this paragraph of Plaintiff's Complaint except they assert that this occurred on May 16, 2014, when Mr. Daoust was transferred to the Somerset County Jail.

17. These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and therefore deny same.

18. These Defendants admit that on May 17, 2014, medical staff performed an opiate withdrawal assessment on Mr. Daoust. These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and therefore deny same.

19. These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and therefore deny same.

B. Mr. Daoust's odd and aggressive behavior is noticed by the Jail's staff and prisoners.

20. These Defendants admit the allegations contained in this paragraph of Plaintiff's Complaint.

21. These Defendants admit the allegations contained in this paragraph of Plaintiff's Complaint except the assertion that David Needham works in the Jail's mental health unit, which these Defendants deny.

22. These Defendants admit the allegations contained in this paragraph of Plaintiff's Complaint.

23. These Defendants admit the first sentence contained in this paragraph of Plaintiff's Complaint. These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in the second sentence of this paragraph of Plaintiff's Complaint and therefore deny same.

24. These Defendants admit the allegations contained in this paragraph of Plaintiff's Complaint.

25. These Defendants admit the allegations contained in this paragraph of Plaintiff's Complaint as they refer to the nurse's initial evaluation of Mr. Daoust after he was sprayed with OC spray on May 23, 2014.

C.  Mr. Daoust's behavior requires that he be placed on "special precautions."

26. These Defendants admit that Lt. Campbell ordered Mr. Daoust be placed on special precautions on May 24, 2014. These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and therefore deny same.

27. These Defendants admit the allegations contained in this paragraph of Plaintiff's Complaint.

28. These Defendants deny the allegations contained in this paragraph of Plaintiff's Complaint.

29. These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and therefore deny same.

30. These Defendants admit the allegations contained in this paragraph of Plaintiff's Complaint.

31. These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and therefore deny same.

32. These Defendants admit the allegations contained in this paragraph of Plaintiff's Complaint.

33. These Defendants admit the allegations contained in this paragraph of Plaintiff's Complaint.

34. These Defendants admit the allegations contained in this paragraph of Plaintiff's Complaint.

35. These Defendants admit the allegations contained in this paragraph of Plaintiff's Complaint.

36. These Defendants admit the allegations contained in the first sentence of this paragraph of Plaintiff's Complaint. These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in the second sentence of this paragraph and therefore deny same.

37. These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and therefore deny same.

D.  Mr. Daoust's emotional and physical condition deteriorate on May 27, 2014.

38. These Defendants admit the allegations contained in this paragraph of Plaintiff's

Complaint.

39. These Defendants admit that at the time Mr. Needham concluded the assessment, he planned to return to complete it the next morning, but they assert that Mr. Needham saw Mr. Daoust later that same day.

40. These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and therefore deny same.

41. These Defendants admit the allegations contained in this paragraph of Plaintiff's Complaint.

42. These Defendants admit that jail corrections logs reflect that on May 27, 2014, Mr. Daoust repeatedly exposed his genitals to jail staff, shouted a broken sentence at jail corrections staff, accusing them of fucking with him, and he accused jail staff of playing games with him. These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore deny same.

43. These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and therefore deny same.

44. These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and therefore deny same.

45. These Defendants admit that the allegations contained in this paragraph of Plaintiff's Complaint occurred at approximately 10:30 p.m. on May 27, 2014.

E.  Mr. Daoust's breathing trouble begins and he is not provided medical care.

46. These Defendants admit that on May 27, 2014, at 11:10 p.m. either Defendant Libby or Defendant Bussell observed Mr. Daoust lying on the floor of his cell naked.

47. These Defendants admit the allegations contained in this paragraph of Plaintiff's Complaint.

48. These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and therefore deny same.

49. These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and therefore deny same.

50. These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and therefore deny same.

51. These Defendants admit that at some point late in the evening of May 27, 2014, Defendant Bussell observed what he believed was Mr. Daoust trying to make himself hyperventilate. These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore deny same.

52. These Defendants admit that Defendant Bussell did not enter Mr. Daoust's cell, but Defendant Bussell observed Mr. Daoust from outside the cell and believed that it appeared Mr. Daoust was trying to make himself hyperventilate. These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the remaining allegations contained

in this paragraph and therefore deny same.

53. These Defendants admit that Defendant Bussell did not contact the jail's medical or mental health staff at the time. These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore deny same.

54. These Defendants admit that at approximately 12:00 a.m. on May 28, 2014, Defendant Bussell contacted Defendant Libby and asked him to verify if Mr. Daoust was trying to hyperventilate himself. These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore deny same.

55. These Defendants admit that Defendant Libby did not enter Mr. Daoust's cell, but Officer Libby spoke to Mr. Daoust and observed Mr. Daoust from outside the cell.

56. These Defendants admit that Defendant Libby did not contact the jail's medical or mental health staff at the time. These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore deny same.

57. These Defendants admit that Officer Libby saw Mr. Daoust lying naked on the floor and appeared to be trying to make himself hyperventilate. These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and therefore deny same.

58. These Defendants admit that on May 28, 2014, at approximately 12:13 a.m., Defendant Lt. Jacques and Defendant Sgt. Ducharme were made aware of the situation with Mr. Daoust. These

Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore deny same.

59. These Defendants admit that at approximately 12:27 a.m., Defendant Bussell logged his observation of Mr. Daoust naked on the floor appearing to be trying to make himself hyperventilate. These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore deny same.

60. These Defendants admit that at approximately 12:41 a.m., Defendant Bussell logged his observation of Mr. Daoust naked on the floor and appearing to try to make himself hyperventilate. These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore deny same.

61. These Defendants admit that at approximately 12:56 a.m., Defendant Bussell logged his observation of Mr. Daoust naked on the floor and appearing to try to make himself hyperventilate. These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore deny same.

62. These Defendants admit that at approximately 1:11 a.m., Defendant Bussell logged his observation of Mr. Daoust naked on the floor and appearing to try to make himself hyperventilate. These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore deny same.

63. These Defendants admit the allegations contained in this paragraph of Plaintiff's Complaint.

64. These Defendants admit that Defendant Bussell logged that at approximately 1:11 a.m., Mr. Daoust remained on the floor naked and appeared to be trying to make himself hyperventilate,

and Mr. Daoust also appeared to be possibly building up saliva to inhale and cause self-harm. He logged that Lt. Jacques' and Sgt. Ducharme were made aware of Mr. Daoust's actions. These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore deny same.

65. These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and therefore deny same.

66. These Defendants admit that at approximately 1:26 a.m., Defendant Bussell logged his observation of Mr. Daoust naked on the floor and appearing to be trying to make himself hyperventilate. He also logged that Mr. Daoust appeared to be possibly building up saliva to inhale and cause self-harm. These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore deny same.

67. These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and therefore deny same.

68. These Defendants admit that at approximately 1:42 a.m., Defendant Bussell logged his observation of Mr. Daoust naked on the floor and appearing to be trying to make himself hyperventilate. He also logged that Mr. Daoust appeared to be possibly building up saliva to inhale and cause self-harm. These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore deny same.

F. Defendant Officer Bussell cannot determine if Mr. Daoust is "living, breathing flesh."

69. These Defendants admit the allegations contained in this paragraph of Plaintiff's Complaint except they assert this time may be approximate.

70. These Defendants admit the allegations contained in this paragraph of Plaintiff's Complaint.

71. These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and therefore deny same.

72. These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and therefore deny same.

73. These Defendants admit that Lt. Jacques called Nurse Cates and asked her to come to the jail to check on Mr. Daoust. These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and therefore deny same.

74. These Defendants admit that during this call, Lt. Jacques said, "It may be a lot worse than that." These Defendants deny the remaining allegations contained in this paragraph of Plaintiff's Complaint.

75. These Defendants admit that at approximately 2:07 a.m., corrections officers entered Mr. Daoust's cell to extract him. These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore deny same.

76. These Defendants admit that Mr. Daoust was removed from his cell and put in a wheelchair. His hands were cuffed behind his back, and his ankles were shackled. These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore deny same.

G. Nurse Cates arrives at the Jail and Mr. Daoust receives medical care for the first time.

77. These Defendants admit that when Nurse Cates arrived at the jail, she saw Mr. Daoust sitting shackled in a wheelchair. These Defendants admit that Mr. Daoust had a pulse ox on his hand. These Defendants admit that in an incident report, she reported that Mr. Daoust's facial color had a bluish tint to it with white foam on the right side of his mouth. These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and therefore deny same.

78. These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and therefore deny same.

79. These Defendants admit that a few minutes later, Nurse Cates instructed security to call emergency services and instructed the corrections officers to move Mr. Daoust from the wheelchair to the floor to begin CPR. These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and therefore deny same.

80. These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and therefore deny same.

81. These Defendants admit the allegations contained in this paragraph of Plaintiff's Complaint except to assert that the times are approximate.

82. These Defendants admit the allegations contained in this paragraph of Plaintiff's Complaint except to assert that the times are approximate.

H.  The Medical Examiner performs and(sic) autopsy and determines the cause of death.

83. These Defendants admit the allegations contained in this paragraph of Plaintiff's Complaint.

84. These Defendants admit the allegations contained in this paragraph of Plaintiff's Complaint.

85. These Defendants admit that Dr. Flomenbaum found markedly hemorrhagic lungs and cerebral edema.  These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore deny same.

86. These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and therefore deny same.

87. These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and therefore deny same.

88. These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and therefore deny same.

89. These Defendants deny the allegations contained in this paragraph of Plaintiff's Complaint.

I. Policies, Procedures and Culpable Conduct.

90. These Defendants deny the allegations contained in this paragraph of Plaintiff's Complaint.

91. These Defendants deny the allegations contained in this paragraph of Plaintiff's Complaint.

92. These Defendants deny the allegations contained in this paragraph of Plaintiff's Complaint.

93. These Defendants deny the allegations contained in this paragraph of Plaintiff's Complaint.

94. These Defendants deny the allegations contained in this paragraph of Plaintiff's Complaint.

95. These Defendants deny the allegations contained in this paragraph of Plaintiff's Complaint.

### V. First Cause of Action - 42 U.S.C. § 1983

96. These Defendants repeat their responses to the allegations contained in Paragraphs 1 through 95 of Plaintiff's Complaint as if fully set forth herein.

97. These Defendants deny the allegations contained in this paragraph of Plaintiff's Complaint.

98. These Defendants deny the allegations contained in this paragraph of Plaintiff's Complaint.

99. These Defendants deny the allegations contained in this paragraph of Plaintiff's Complaint.

100. These Defendants deny the allegations contained in this paragraph of Plaintiff's Complaint.

### VI.  Second Cause of Action - Failure to Train/County Liability

101. These Defendants repeat their responses to the allegations contained in Paragraphs 1 through 100 of Plaintiff's Complaint as if fully set forth herein.

102. These Defendants deny the allegations contained in this paragraph of Plaintiff's Complaint.

103. These Defendants deny the allegations contained in this paragraph of Plaintiff's Complaint.

104. These Defendants deny the allegations contained in this paragraph of Plaintiff's Complaint.

105. These Defendants deny the allegations contained in this paragraph of Plaintiff's Complaint.

106. These Defendants deny the allegations contained in this paragraph of Plaintiff's Complaint.

107. These Defendants deny the allegations contained in this paragraph of Plaintiff's Complaint.

108. These Defendants deny the allegations contained in this paragraph of Plaintiff's Complaint.

109. These Defendants deny the allegations contained in this paragraph of Plaintiff's Complaint.

110. These Defendants deny the allegations contained in this paragraph of Plaintiff's Complaint.

111. These Defendants deny the allegations contained in this paragraph of Plaintiff's Complaint.

WHEREFORE, Defendants Somerset County and Barry Delong request that all relief requested by Plaintiff be denied and that these Defendants be awarded their costs and attorneys fees incurred in defending this action.

Dated: June 12, 2015　　　　　　　　　　　　　/s/ Peter T. Marchesi
　　　　　　　　　　　　　　　　　　　　　　Peter T. Marchesi, Esq.


　　　　　　　　　　　　　　　　　　　　　　/s/ Cassandra S. Shaffer
　　　　　　　　　　　　　　　　　　　　　　Cassandra S. Shaffer, Esq.

　　　　　　　　　　　　　　　　　　　　　　Wheeler & Arey, P.A.
　　　　　　　　　　　　　　　　　　　　　　Attorneys for Defendants Somerset County and
　　　　　　　　　　　　　　　　　　　　　　　　Barry Delong
　　　　　　　　　　　　　　　　　　　　　　27 Temple Street, P.O. Box 376
　　　　　　　　　　　　　　　　　　　　　　Waterville, ME 04903-0376

## UNITED STATES DISTRICT COURT
### District of Maine

| | | |
|---|---|---|
| PAMELA SWETT, Personal Representative of the Estate of Joseph Daoust, <br>     Plaintiff <br><br> v. <br><br> SOMERSET COUNTY, BARRY DELONG, JEFFREY JACQUES, BENJAMIN DUCHARME, GERARD BUSSELL, SCOTT LIBBY, and JOHN AND JANE DOES, <br>     Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Docket No.  1:15-cv-00155-JDL |

## **CERTIFICATE OF SERVICE**

  I, Peter T. Marchesi, Esq., attorney for Defendants Somerset County and Barry Delong, hereby certify that:

- Answer and Affirmative Defenses of Defendants Somerset County and Barry Delong

has been served this day on Plaintiff by filing with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

  Jonathan Sahrbeck, Esq.  *jsahrbeck@garmeylaw.com*

  Copies of the above documents have been provided to the Plaintiff via United States Mail, postage prepaid, at the following address:

  None

Dated: June 12, 2015         /s/ Peter T. Marchesi
                Peter T. Marchesi, Esq.
                Attorney for Defendants Somerset County
                  and Barry Delong
                Wheeler & Arey, P.A.
                27 Temple Street, P.O. Box 376
                Waterville, ME  04903-0376