UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

PAMELA SWETT,

        Plaintiff,

   vs.                            Civil No. 15-155-JDL

SOMERSET COUNTY, BARRY DELONG,
JEFFREY JACQUES, BENJAMIN
DUCHARME, GERARD BUSSELL and
SCOTT LIBBY,

        Defendants

---

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT AND JURY
TRIAL DEMAND (DEFENDANTS GERALD BUSSELL[1] AND SCOTT LIBBY)**

Defendants Gerald Bussell and Scott Libby, by and through counsel, hereby respond to the Plaintiff's Complaint as follows:

**I.   Preliminary Statement**

1.     The allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

**II.   Jurisdiction**

2.     The allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required.  Alternatively, the

---

[1] The Complaint incorrectly refers to Defendant Bussell as "Gerard."  His given name is "Gerald."

Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

### III.   Parties

3.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

4.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

5.     The Defendants admit that Barry DeLong was Sheriff of Somerset County during the time periods discussed in the Complaint.  The remaining allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

6.     The Defendants admit that Jeffrey Jacques was employed at the Somerset County Jail during the time periods discussed in the Complaint.  The remaining allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

7.      The Defendants admit that Benjamin Ducharme was employed at the Somerset County Jail during the time periods discussed in the Complaint.  The remaining allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

8.      The Defendants admit that Scott Libby was employed at the Somerset County Jail during the time periods discussed in the Complaint.  The remaining allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

9.      The Defendants admit that Gerald Bussell was employed at the Somerset County Jail during the time periods discussed in the Complaint.  The remaining allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

10.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

11.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

## IV.   Facts

12.     The Defendants admit the allegations contained in this paragraph of Plaintiff's Complaint.

13.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

14.     The Defendants admit that persons who are admitted to the Somerset County Jail are asked a series of questions, including questions about their medical status and history.  The Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

15.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

16.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

17.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

18.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

19.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

20.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

21.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

22.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

23.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

24.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

25.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

26.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

27.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

28.     The Defendants deny the allegations contained in this paragraph of Plaintiff's Complaint.

29.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

30.     The allegations in this paragraph of Plaintiff's Complaint purport to characterize a written document that speaks for itself; the Defendants deny the allegations to the extent they vary from the written document.  Otherwise, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

31.     The allegations in this paragraph of Plaintiff's Complaint purport to characterize a written document that speaks for itself; the Defendants deny the allegations to the extent they vary from the written document.  Otherwise, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

32.     The Defendants admit the allegations contained in this paragraph of Plaintiff's Complaint.

33.     The Defendants admit the allegations contained in this paragraph of Plaintiff's Complaint.

34.     The Defendants admit the allegations contained in this paragraph of Plaintiff's Complaint.

35.     The Defendants admit the allegations contained in this paragraph of Plaintiff's Complaint.

36.     The Defendants admit the allegations contained in the first sentence of this paragraph of Plaintiff's Complaint.  Otherwise, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

37.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

38.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

39.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

40.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

41.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

42.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

43.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

44.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

45.     The Defendants admit the allegations contained in the first sentence of this paragraph of Plaintiff's Complaint, to the extent those allegations refer to events

that occurred on the evening of May 27, 2014.  Otherwise, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

46.    The Defendants admit that Defendant Bussell observed Mr. Daoust lying on the floor naked in the hour before midnight on May 28, 2014.  Otherwise, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

47.    The Defendants admit that Defendant Bussell observed Mr. Daoust lying on the floor naked in the hour before midnight on May 28, 2014.  Otherwise, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

48.    The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

49.    The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

50.    The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

51.     The Defendants admit that Defendant Bussell recorded in the Jail log that it appeared that Mr. Daoust was trying to make himself hyperventilate.  Otherwise, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

52.     The Defendants admit that Defendant Bussell did not enter Mr. Daoust's cell and that it appeared to Defendant Bussell that Mr. Daoust was trying to make himself hyperventilate.  Otherwise, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

53.     The Defendants admit that Defendant Bussell did not contact medical at that time.  Otherwise, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

54.     The Defendants admit that Defendant Bussell asked Defendant Libby at around midnight on May 28, 2014 to observe Mr. Daoust and that Defendant Libby agreed that Mr. Daoust appeared to be trying to make himself hyperventilate.  Otherwise, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

55.     The Defendants admit that Defendant Libby did not enter Mr. Daoust's cell, but Defendant Libby spoke to Mr. Daoust and saw Mr. Daoust from outside the cell.

56.     The Defendants admit that Defendant Libby did not contact medical at that time.  Otherwise, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

57.     The Defendants admit that Defendants Bussell and Libby observed Mr. Daoust naked on the floor and apparently trying to make himself hyperventilate. Otherwise, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

58.     The Defendants admit that at approximately 12:13 a.m. on May 28, 2014 Defendants Jacques and Ducharme were made aware of Mr. Daoust's situation. Otherwise, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

59.     The Defendants admit that Defendants Bussell made a log entry at 12:27 a.m. describing what he observed when he checked on Mr. Daoust.   The remaining allegations in this paragraph of Plaintiff's Complaint purport to characterize a written document that speaks for itself; the Defendants deny the allegations to the extent they vary from the written document.  Otherwise, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

60.     The Defendants admit that Defendants Bussell made a log entry at 12:41 a.m. describing what he observed when he checked on Mr. Daoust.   The remaining

allegations in this paragraph of Plaintiff's Complaint purport to characterize a written document that speaks for itself; the Defendants deny the allegations to the extent they vary from the written document.  Otherwise, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

61.     The Defendants admit that Defendants Bussell made a log entry at 12:56 a.m. describing what he observed when he checked on Mr. Daoust.   The remaining allegations in this paragraph of Plaintiff's Complaint purport to characterize a written document that speaks for itself; the Defendants deny the allegations to the extent they vary from the written document.  Otherwise, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

62.     The Defendants admit that Defendants Bussell made a log entry at 1:11 a.m. describing what he observed when he checked on Mr. Daoust.   The remaining allegations in this paragraph of Plaintiff's Complaint purport to characterize a written document that speaks for itself; the Defendants deny the allegations to the extent they vary from the written document.  Otherwise, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

63.     The Defendants admit that Defendants Bussell made a log entry at 1:11 a.m. describing what he observed when he checked on Mr. Daoust.  The Defendants admit that Defendant Bussell did not contact medical at that time.   The remaining allegations in this paragraph of Plaintiff's Complaint purport to characterize a written

document that speaks for itself; the Defendants deny the allegations to the extent they vary from the written document.  Otherwise, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

64.     The Defendants admit that Defendant Bussell made Defendants Jacques and Ducharme aware of Mr. Daoust's situation at he observed that situation at 1:11 a.m. Otherwise, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

65.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

66.     The Defendants admit that Defendants Bussell made a log entry at 1:25 a.m. describing what he observed when he checked on Mr. Daoust.   The remaining allegations in this paragraph of Plaintiff's Complaint purport to characterize a written document that speaks for itself; the Defendants deny the allegations to the extent they vary from the written document.  Otherwise, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

67.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

68.     The Defendants admit that Defendants Bussell made a log entry at 1:42 a.m. describing what he observed when he checked on Mr. Daoust.   The remaining allegations in this paragraph of Plaintiff's Complaint purport to characterize a written document that speaks for itself; the Defendants deny the allegations to the extent they vary from the written document.  Otherwise, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

69.     The Defendants admit the allegations contained in this paragraph of Plaintiff's Complaint, although the time mentioned may not be exactly correct.

70.     The Defendants admit the allegations contained in this paragraph of Plaintiff's Complaint.

71.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

72.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

73.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

74.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

75.     The Defendants admit that officers entered Mr. Daoust's cell at around 2:07 a.m.  The Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

76.     The Defendants admit that Mr. Daoust was removed from his cell and placed in a wheelchair with his wrists and ankles secured.  The Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

77.     The Defendants admit that Nurse Cates arrived and examined Mr. Daoust. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

78.     The Defendants admit that Nurse Cates arrived and examined Mr. Daoust. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

79.     The Defendants admit that Nurse Cates asked the officers to remove Mr. Daoust from the wheelchair and that CPR was started.  The Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

80.    The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

81.    The Defendants admit that EMS arrived.  The Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

82.    The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

83.    The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

84.    The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

85.    The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

86.    The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

87.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

88.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

89.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

90.     The Defendants deny the allegations contained in this paragraph of Plaintiff's Complaint.

91.     The Defendants deny the allegations contained in this paragraph of Plaintiff's Complaint.

92.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

93.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

94.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

95.     The Defendants deny the allegations contained in this paragraph of Plaintiff's Complaint.

## V.  <u>FIRST CAUSE OF ACTION – 42 U.S.C. §1983</u>

96.     The Defendants repeat their responses to the allegations in the preceding paragraphs.

97.     The Defendants deny the allegations contained in this paragraph of Plaintiff's Complaint.

98.     The Defendants deny the allegations contained in this paragraph of Plaintiff's Complaint.

99.     The Defendants deny the allegations contained in this paragraph of Plaintiff's Complaint.

100.    The Defendants deny the allegations contained in this paragraph of Plaintiff's Complaint.

## VI.  <u>SECOND CAUSE OF ACTION – FAILURE TO TRAIN/COUNTY LIABILITY</u>

101.    The Defendants repeat their responses to the allegations in the preceding paragraphs.

102.    The allegations contained in this paragraph of Plaintiff's Complaint do not pertain to these Defendants; therefore, no response is required.  Alternatively, the Defendants deny the allegations contained in this paragraph of Plaintiff's Complaint.

103.    The allegations contained in this paragraph of Plaintiff's Complaint do not pertain to these Defendants; therefore, no response is required.  Alternatively, the Defendants deny the allegations contained in this paragraph of Plaintiff's Complaint.

104.    The allegations contained in this paragraph of Plaintiff's Complaint do not pertain to these Defendants; therefore, no response is required.  Alternatively, the Defendants deny the allegations contained in this paragraph of Plaintiff's Complaint.

105.    The allegations contained in this paragraph of Plaintiff's Complaint do not pertain to these Defendants; therefore, no response is required.  Alternatively, the Defendants deny the allegations contained in this paragraph of Plaintiff's Complaint.

106.    The allegations contained in this paragraph of Plaintiff's Complaint do not pertain to these Defendants; therefore, no response is required.  Alternatively, the Defendants deny the allegations contained in this paragraph of Plaintiff's Complaint.

107.    The allegations contained in this paragraph of Plaintiff's Complaint do not pertain to these Defendants; therefore, no response is required.  Alternatively, the Defendants deny the allegations contained in this paragraph of Plaintiff's Complaint.

108.    The allegations contained in this paragraph of Plaintiff's Complaint do not pertain to these Defendants; therefore, no response is required.  Alternatively, the Defendants deny the allegations contained in this paragraph of Plaintiff's Complaint.

109.    The allegations contained in this paragraph of Plaintiff's Complaint do not pertain to these Defendants; therefore, no response is required.  Alternatively, the Defendants deny the allegations contained in this paragraph of Plaintiff's Complaint.

110.    The allegations contained in this paragraph of Plaintiff's Complaint do not pertain to these Defendants; therefore, no response is required.  Alternatively, the Defendants deny the allegations contained in this paragraph of Plaintiff's Complaint.

111.    The allegations contained in this paragraph of Plaintiff's Complaint do not pertain to these Defendants; therefore, no response is required.  Alternatively, the Defendants deny the allegations contained in this paragraph of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

1.    The Defendants have at all times acted in good faith and without knowledge that his conduct violated any clearly established constitutional or statutory rights of the Plaintiff.

2.    The Defendants' conduct did not violate any clearly established constitutional or statutory rights of the Plaintiff.

3.    No reasonable person would have known that the Defendants' conduct violated any clearly established constitutional or statutory rights of the Plaintiff.

4.    To the extent that the Plaintiff's Complaint seeks to impose liability on the Defendants in their representative capacity, the Complaint fails to state a claim upon which relief may be granted.

5.    The Plaintiff's own conduct was the sole or a contributing cause of his injuries.

6.    The Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

7.    The Plaintiff's claims are barred for the reason that the Defendants are not liable under a theory of *respondeat superior* for the actions of their agents.

8.    The Plaintiff's claims are barred for the reason that the Defendants' actions do not constitute deliberate indifference or conduct which is shocking to the conscience.

9.     The Plaintiff's claims are barred for the reason that the allegations in the Complaint allege simple negligence and the conduct complained of is not the type contemplated under 42 U.S.C. § 1983.

10.     The Plaintiff's claims are barred, in whole or in part, by the doctrine of immunity.

11.     The Plaintiff's claims are barred, in whole or in part, by the doctrine of qualified immunity.

12.     To the extent that the Plaintiff seeks injunctive or declaratory relief, the Plaintiff has no standing.

13.     The Plaintiff has adequate remedies under State law, and therefore no action lies under 42 U.S.C. §1983 in the Maine Constitution or the United States Constitution.

14.     The Defendants reserve the right to demonstrate that the Plaintiff has failed to mitigate damages.

15.     To the extent the Plaintiff's alleged injuries result from conditions that pre-existed the events alleged in the Complaint, the Defendants cannot be held liable for the alleged damages associated with those alleged injuries.

## JURY DEMAND

Pursuant to Local Rule 38 and Federal Rule of Civil Procedure 38(b), the Defendants request a trial by jury on all claims and issues properly tried to a jury.

WHEREFORE, Defendants Gerald Bussell and Scott Libby demand judgment in their favor with regard to all claims of the Plaintiff's Complaint, including an award of costs and attorneys' fees, if appropriate, and such other relief as the Court deems just.

Dated at Portland, Maine this 26th day of June, 2015.

> Attorneys for Defendants
> Gerald Bussell and Scott Libby
> MONAGHAN LEAHY, LLP
> 95 Exchange Street, P.O. Box 7046
> Portland, ME 04112-7046
> (207) 774-3906
>
> BY:   /s/ John J. Wall, III
> John J. Wall, III

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2015, I electronically filed **Answer and Affirmative Defenses to Complaint and Jury Trial Demand (Defendants Gerald Bussell and Scott Libby)** using the CM/ECF system, which will provide notice to me and the following other counsel of record: pbear@wheelerlegal.com; jsahrbeck@garmeylaw.com.

Dated at Portland, Maine this 26th day of June, 2015.

> Attorneys for Defendants
> Gerald Bussell and Scott Libby
> MONAGHAN LEAHY, LLP
> 95 Exchange Street, P.O. Box 7046
> Portland, ME 04112-7046
> (207) 774-3906
>
> BY:   /s/ John J. Wall, III
> John J. Wall, III